UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELE MAZZILLI,<br><br>      Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK; and NYPD OFFICERS JOHN AND JANE DOE 1 through 10 (the name John Doe being fictitious, as their true names are presently unknown), individually and in their official capacities,<br><br>      Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>22-CV-6285 |

1. Plaintiff Michele Mazzilli ("Plaintiff"), through her attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY") and NYPD OFFICERS JOHN AND JANE DOE 1 through 10 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under New York State law and the laws and Constitution of the United States of America.

## NATURE OF THE ACTION

2. This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and New York State law.

1

## JURISDICTION AND VENUE

3. This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff timely filed a Notice of Claim on April 23, 2021 with the New York City Office of the Comptroller regarding the injuries alleged herein. Thus, more than thirty days have passed since said filing. A hearing pursuant to General Municipal Law Section 50-h was conducted; Plaintiff's claim was not resolved.

6. Plaintiff further invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action.

## PARTIES

9. Plaintiff resides in the County of Kings, in the City and State of New York.

10. The events pertinent to this action occurred in Brooklyn in Kings County.

11. Defendant CITY is a municipal corporation organized under the laws of the State of New York. Defendant CITY is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is

thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

12. Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10, at all pertinent times, were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Those Defendants are sued in their individual and official capacities.

## FACTS

13. Plaintiff is a 61 year-old woman who lives in Kings County in the City and State of New York.

14. On March 10, 2021, at about 2:00 p.m., Plaintiff was lawfully present inside her mother's residence at 128 Lake Street, Brooklyn, New York, 11223.

15. In addition to Plaintiff and her mother, there was a "squatter" at said residence, who had been illegally residing there for some time.

16. Upon information and belief, said squatter called the police alleging that Plaintiff was in violation of a temporary order of protection that had been issued in relation to the squatter.

17. When Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 arrived at said residence, Plaintiff immediately informed them that the squatter was mistaken, i.e., there was no temporary order of protection against Plaintiff.

18. There *had* been, unjustly, a temporary order of protection issued against Plaintiff on or about October 9, 2020.

19. On that date, Plaintiff had been falsely arrested and said order was thereupon issued.

20. On February 18, 2021, all of the false charges against Plaintiff associated with that arrest were dismissed and sealed and said wrongful temporary order of protection was vacated.

21. Despite those facts, which Plaintiff related to Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10, said Defendants told Plaintiff, in sum and substance, that their system indicated (wrongly) that the temporary order of protection was still in effect.

22. Plaintiff showed them paperwork including court documents proving that all of the false charges against Plaintiff associated with that arrest were dismissed and sealed and said wrongful temporary order of protection was vacated.

23. Refusing even to look at Plaintiff's paperwork, Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 told Plaintiff, in sum and substance, that she was "in violation of the temporary order of protection."

24. Plaintiff even called the attorney who represented her in the false prosecution and had him on the line and asked the NYPD officers to please speak with him so that he could confirm what Plaintiff had already stated and proven: to wit, that all of the false charges against Plaintiff were dismissed and sealed on February 18, 2021 and that there was no temporary order of protection against her.

25. Therefore, Plaintiff was lawfully present in her mother's home, meaning that there was no reason to believe that Plaintiff was committing a crime, much less probable cause to arrest her.

26. All of the above notwithstanding, Defendant NYPD OFFICER JOHN DOE 1 handcuffed and falsely arrested Plaintiff without probable cause.

27. Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 transported Plaintiff to the NYPD 62nd Precinct and detained her in a cell.

28. Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 also shackled her legs excessively tightly, causing severe pain and bruising to her ankles and feet.

29. She complained to Defendant NYPD OFFICER JOHN DOE 2 about the pain and injuries these excessively tight shackles were causing to her, and said Defendant responded by shouting at her "Walk, walk!"

30. About an hour later, Plaintiff was transported, still fully and painfully restrained, to Coney Island Hospital for treatment for her injuries caused by said Defendant NYPD officers' use of excessive force in applying and maintaining said restraints.

31. Said Defendant NYPD officers kept her handcuffed and shackled for an additional two hours while Plaintiff was in hospital for the treatment for the very injuries caused by said restraints.

32. Said Defendant NYPD officers removed the shackles and handcuffs only when they were forced to acknowledge that that Plaintiff should not have been arrested in the first place.

33. This occurred at about 5:30 p.m., whereupon said Defendant NYPD officers left the hospital, releasing Plaintiff from police custody.

34. No charges were filed against Plaintiff.

## **FIRST CLAIM**
### **False Arrest under 42 U.S.C. § 1983.**

35. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

36. As a result of the aforementioned conduct by Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by said Defendants, without any probable cause, privilege or consent.

37. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

38. As a direct and proximate result of the foregoing, said Defendants deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and incarceration without probable cause.

39. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

40. As a direct and proximate result of her false arrest, Plaintiff suffered physical discomfort, pain, pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

41. Said Defendants carried out the aforementioned acts under color of state law.

42. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

43. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

44. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### False Arrest under New York State Law.

45. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

46. As a result of the aforementioned conduct by Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by said Defendants, without any probable cause, privilege or consent.

47. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

48. As a direct and proximate result of the foregoing, said Defendants deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing, shackling and incarceration without probable cause.

49. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

50. As a direct and proximate result of her false arrest, Plaintiff suffered physical discomfort, pain, pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

51. Said Defendants carried out the aforementioned acts under color of state

law.

52. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by the Constitution and Laws of the State of New York, for which said Defendants are individually liable.

53. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

54. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## THIRD CLAIM
### Assault under New York State Law.

55. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

56. Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

57. Said Defendants' actions presented a grievous affront to Plaintiff.

58. Said Defendants' actions were not in furtherance of any legitimate interest and were not otherwise privileged.

59. Said Defendants' actions caused Plaintiff to suffer pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

60. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

61. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FOURTH CLAIM
### Excessive Force under 42 U.S.C. § 1983.

62. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

63. The degree of force used by Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 was excessive, unreasonable and unwarranted.

64. The degree of force used by said Defendants continued to be excessive, unreasonable and unwarranted even as Plaintiff plead with them to loosen her restraints.

65. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

66. Said Defendants carried out the aforementioned acts under color of state law.

67. This brutal and excessive use of force against Plaintiff was committed by said Defendants without any provocation, justification, or privilege, and deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

68. As a result of the excessive force and brutality used by said Defendants, Plaintiff has endured and continues to endure serious emotional pain and suffering.

69. As a direct and proximate result of the excessive force used against Plaintiff,

9

Plaintiff suffered severe physical pain and discomfort, including physical injuries; and ongoing mental and emotional pain, public humiliation and embarrassment.

70. All of the aforementioned acts of said Defendants constituted excessive force in violation of the Constitution of the United States and said Defendants are liable for said pain and physical and emotional injuries.

71. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

72. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FIFTH CLAIM
### Battery under New York State Law.

73. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

74. Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 intentionally caused and allowed Plaintiff to be struck in a harmful and grossly offensive manner, in violation of the Constitution and Laws of the State of New York.

75. Said Defendants continued such harmful and offensive contact against Plaintiff even as Plaintiff plead with them to loosen her restraints.

76. Said Defendants' actions were not in furtherance of any legitimate interest and were not otherwise privileged.

77. Said Defendants' actions were reckless and unwarranted, without any just cause or provocation.

78. Said Defendants' actions caused Plaintiff to suffer severe physical pain and discomfort, including physical injuries; and ongoing mental and emotional pain, public humiliation and embarrassment.

79. Said Defendants' actions were intentional, brutal, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

80. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

81. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SIXTH CLAIM
### Municipal Liability under 42 U.S.C. § 1983.

82. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

83. The actions of Defendant NYPD OFFICERS JOHN AND JANE DOE 1 through 10 alleged herein deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

84. Said actions were committed while they were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

85. Said actions were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

86. Said customs, policies, usages, practices, procedures, and rules of

Defendant CITY and the NYPD include flagrant disregard for the rights of citizens to be free from false arrest not based upon probable cause, and from the use of wantonly brutal excessive force against them.

87. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

88. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations inflicted upon Plaintiff, and the injuries suffered by her, as alleged herein.

89. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind said constitutional violations.

90. The named Defendant NYPD officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

91. The named Defendant NYPD officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

92. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, *inter alia*, the right:

    a. To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

  b. To be free from being subjected to brutal and excessive force in an unprovoked assault by police officers; and

  c. To be free from deprivation of liberty without due process of law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against the named Defendant NYPD officers, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.

Dated:   October 18, 2022
         New York, NY

Respectfully,

**Law Office of Joe Stancati**
305 Broadway, 7th Floor
New York, NY 10007
212-858-9205
joe@stancati-law-nyc.com

*Attorney for Plaintiff*